1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10
11

MASSACHUSETTS BAY INSURANCE
COMPANY, a foreign corporation,

No.: _____

Plaintiff,

12

v.

13

14
15
16

WALFLOR INDUSTRIES, INC., a
Washington corporation; JOHN URAL, an
individual; JAMES HEWITT, an individual;
and MICHAEL CZERWINSKI, an
individual,

COMPLAINT FOR DECLARATORY
RELIEF (DUTY TO DEFEND)

JURY DEMAND

17

Defendants.

18
19

Plaintiff Massachusetts Bay Insurance Company alleges as follows:

20

**I. PARTIES**

21

1.1     Plaintiff Massachusetts Bay Insurance Company ("Massachusetts Bay") is an

22

insurance company licensed to insure risks in the State of Washington. Massachusetts Bay is

23

incorporated in New Hampshire and has its principal place of business in Massachusetts. For

24

purposes of diversity jurisdiction, Massachusetts Bay is a citizen of both New Hampshire and

25

Massachusetts.  Massachusetts Bay issued certain Business Owner Policies to Defendant

26

Walflor Industries ("Walflor").

COMPLAINT FOR DECLARATORY JUDGMENT

PAGE 1

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1    1.2    Defendant Walflor is a corporation organized and existing under the laws of

2 the State of Washington.  The insurance policies issued to Defendant Walfor indicate its

3 address is at 1387 Pacific Dr. in Arlington, Washington.

4    1.3    Defendant John Ural ("Ural") is an individual and a resident of the State of

5 Washington.

6    1.4    Defendant Mike Czerwinski ("Czerwinski") is an individual and, upon

7 information and belief, a resident of the State of Washington.

8    1.5    Defendant Jim Hewitt ("Hewitt") is an individual and, upon information and

9 belief, a resident of the State of Washington.

10                    **II.  JURISDICTION AND VENUE**

11    2.1    Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Upon information and

12 belief, the matter in controversy exceeds $75,000, exclusive of interests and costs, and the

13 controversy is between citizens of different states.

14    2.2    Venue is proper in the United States District Court for the Western District of

15 Washington pursuant to 28 U.S.C. § 1391.  Defendant Walflor resides in Skagit County in

16 the Western District of Washington and a substantial part of the events giving rise to this

17 claim occurred in Skagit County in the Western District of Washington.

18                         **III.  FACTS**

19 **A.    Plaintiff Massachusetts Bay issued a Business Owner Policy to Walflor.**

20    3.1    Massachusetts Bay issued a Business Owners Policy to Defendant Walflor for

21 the period of 12/08/2015-16 (Policy No. OD2-A797754-00).  Walflor renewed the policy for

22 the period of 12/08/2016-17 (Policy No. OD2-A797754-01). The insurance policies issued

23 by Massachusetts Bay to Walfor will be referred to together as the "Policies."

24    3.2    Subject to their terms, conditions, limitations and exclusions, the Policies

25 provide Business Liability Coverage with the following Limits of Insurance: Aggregate

26 Limit $2,000,000 and an Each Occurrence Limit of $1,000,000.

COMPLAINT FOR DECLARATORY JUDGMENT            PAGE 2        **Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

3.3    The Policies provide substantially the same pertinent coverage forms, terms, conditions, limitations, and exclusions.

3.4    The Policies' Business Liability Coverage provides in relevant part:

**1. Business Liability**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

   **b.** This insurance applies:

      **(1)** To "bodily injury" and "property damage" only if:

         (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

         (b) The "bodily injury" or "property damage" occurs during the policy period. . .

      **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

3.5    "[B]odily injury", "property damage", and "personal and advertising injury" are defined terms within the Policies:

   **5.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. . . .

   **18.**    "Property damage" means:

      **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at

COMPLAINT FOR DECLARATORY JUDGMENT            PAGE 3

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property . . . .

15.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.    False arrest, detention or imprisonment;

b.    Malicious prosecution[1];

c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.    The use of another's advertising idea in your "advertisement"; or

g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".[2]

3.6    Even where a loss falls within the Policies' insuring agreement, coverage may be barred by the Policies' exclusions. Possibly relevant, the Policies provide exclusions for Professional Services, Knowing Violation of Rights of Another, Breach of Contract,

---

[1] In the renewal policy, this offense is defined as "Malicious prosecution or abuse of process."

[2] In the renewal policy, the additional offense of "Discrimination" is added.

COMPLAINT FOR DECLARATORY JUDGMENT          PAGE 4

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

1 | Infringement of Copyright, Patent, Trademark or Trademark, Unauthorized Use of Another's

2 | Name or Product.

3 | **B.      Stuc-O-Flex sued Defendants in state court.**

4 |      3.7      On November 29, 2017, Stuc-O-Flex filed a complaint against Defendants and

5 | others in King County Superior Court under Case No. 17-2-30700-9 SEA (the "Underlying

6 | Lawsuit"). The Underlying Complaint is attached as Exhibit A to this Complaint.

7 |      3.8      In the Underlying Complaint, Stuc-O-Flex alleges that it had an exclusive

8 | distributorship agreement with Waterway Rainscreen ("WR") (the "Agreement").  Through a

9 | series of transactions, the operations of WR were transferred to different entities, including

10 | Walflor for a period of time.

11 |      3.9      Stuc-O-Flex alleges that Walflor, Ural, Hewitt, and Czerwinski were alter egos

12 | of one another.  Stuc-O-Flex alleges that Ural was a principal of Walflor and that Hewitt and

13 | Czerwinski were owners and operators of Walflor.

14 |      3.10      Stuc-O-Flex alleges that Walfor obtained WR's assets, assumed obligations

15 | under the Agreement, and wrongfully breached the Agreement. Walflor's assets were

16 | allegedly subsequently purchased by another entity that also allegedly breached the Stuc-O-

17 | Flex Agreement.

18 |      3.11      Stuc-O-Flex asserts a breach of contract claim against Walflor and other

19 | defendants in the Underlying Lawsuit. Based on the purported breach of the Agreement,

20 | Stuc-O-Flex asserts claims for tortious interference with business expectancy, trade name

21 | infringement, and violation of the Washington Consumer Protection Act against Defendants

22 | Walflor, Hewitt, Ural, and Czerwinski, and the other defendants in the Underlying Lawsuit.

23 |      3.12      Stuc-O-Flex seeks damages in, at least, the sum of $12,000,000 against the

24 | defendants in the Underlying Lawsuit.  The Underlying Lawsuit is currently ongoing.

25 | / / / / /

26 |

COMPLAINT FOR DECLARATORY JUDGMENT                    PAGE 5

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**C.    Massachusetts Bay is providing a defense to Defendants in the Underlying Lawsuit subject to a complete reservation of rights.**

3.13    On January 16, 2018, Ural, Hewitt, and Czerwinski sent correspondence tendering a claim for defense and indemnity to Massachusetts Bay under the Policies. Ural, Hewitt, and Czerwinski also tendered to Orion Insurance Group. The claims against Walflor were not tendered to Massachusetts Bay at that time.

3.14    Massachusetts Bay responded to the tender in correspondence dated February 26, 2018. In its response, Massachusetts Bay denied coverage based on the Underlying Complaint. In doing so, Massachusetts Bay explained that the claims asserted in the complaint did not fall within the Policies' coverage grant and were otherwise barred by the Policies exclusions. Massachusetts Bay indicated that it would review any additional information that Ural, Hewitt, and Czerwinski believed relevant to coverage. A copy of Massachusetts Bay's February 26, 2018 correspondence is attached as Exhibit B to the Complaint and is specifically incorporated herein.

3.15    On April 5, 2018, Ural, Hewitt, and Czerwinski sent correspondence to Massachusetts Bay in response to Exhibit B. In addition, the claims asserted against Walflor were tendered to Massachusetts Bay at that time.

3.16    On April 13, 2018, Massachusetts Bay responded to the April 5, 2018 letter, reiterating its position that the claims made against Ural, Hewitt and Czerwinski did not fall within the Policies' coverage grant and were otherwise barred by the Policies' exclusions and explaining that there was no coverage for the claims made against Walflor for similar reasons. Nonetheless, and without waiving any of its rights under the Policies, Massachusetts Bay agreed to participate in the defense of Defendants in connection with the claims asserted against them in the Underlying Lawsuit, under a complete reservation of rights, including the right to deny any duty to defend or to indemnify any insured and to seek a judicial determination of such rights. The defense is subject to the terms, conditions, exclusions, and

COMPLAINT FOR DECLARATORY JUDGMENT                 PAGE 6

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1 limitations of the Policies. A copy of Massachusetts Bay's April 13, 2018 correspondence is

2 attached as Exhibit C to this Complaint and is specifically incorporated herein.

3 **D.     Massachusetts Bay should have no obligations to Defendants under the terms, conditions, limitations, and exclusions of the Policies.**

4

5     3.17   Massachusetts Bay brings the present action seeking judicial determination

6 that the claims asserted against the Defendants in the Underlying Lawsuit do not fall within

7 the Policies' Insuring Agreements or are otherwise barred by the Policies' exclusions on

8 grounds, including the following:

9     • The Underlying Complaint does not seek damages for "bodily injury" or

10      "property damage" against Defendants.

11     • The Underlying Complaint does not allege injury arising out of a "personal

12      and advertising injury" against Defendants.

13     • To the extent the Underlying Complaint could be construed as alleging injury

14      arising out of "personal and advertising injury," the exclusion for Breach of

15      Contract applies to exclude coverage.

16     • To the extent the Underlying Complaint could be construed as alleging injury

17      arising out of "personal and advertising injury," the exclusion for Infringement

18      of Copyright, Patent, Trademark or Trade Secret applies to exclude coverage.

19     3.18   Additional terms, conditions, limitations, and exclusions of the Policies affect

20 coverage and Massachusetts Bay reserves its right to assert those terms, conditions,

21 limitations, and exclusions in this declaratory action.

## IV. CLAIM FOR DECLARATORY RELIEF

    4.1   Massachusetts Bay incorporates by reference and re-alleges the allegations

contained in the preceding paragraphs.

    4.2   The allegations in this Complaint present a justiciable controversy subject to

declaratory relief.  Upon information and belief, the matter in controversy exceeds $75,000,

COMPLAINT FOR DECLARATORY JUDGMENT         PAGE 7     **Bullivant|Houser|Bailey PC**

1  exclusive of interest and costs, and the controversy is between parties who are citizens of

2  different states.

3       4.3     Massachusetts Bay is entitled to a declaration that it has no obligation to

4  defend Defendants under the Policies.

## V.  CLAIM FOR REIMBURSEMENT OF DEFENSE COSTS INCURRED

6       5.1     Massachusetts Bay incorporates by reference and re-alleges the allegations

7  contained in the preceding paragraphs.

8       5.2     The Policies contain an endorsement entitled Washington Changes – Defense

9  Costs, which provides:

> The following applies to any provision in the Policy, or in any
> endorsement attached to this Policy, that sets forth a duty to
> defend.
>
> If we initially defend an insured or pay for an insured's defense
> but later determine that none of the claims, for which we
> provided a defense or defense costs, are covered under this
> insurance, we have the right to reimbursement for the defense
> costs we have incurred.
>
> The right to reimbursement under this provision will only apply
> to the costs we have incurred after we notify you in writing that
> there may not be coverage and that we are reserving our rights
> to terminate the defense or the payment of defense costs and to
> seek reimbursement for defense costs.

18      5.3     In its reservation of rights letter (Exhibit C), Massachusetts Bay stated that it

19  had determined that there may not be coverage under the Policies for any of the damages

20  sought in the Underlying Lawsuit and it reserved its right to terminate the defense of

21  Defendants and to seek reimbursement of the defense costs paid.

22      5.4     Massachusetts Bay is entitled to reimbursement of all defense costs it has paid

23  in connection with its defense of Defendants.

## VI.  RESERVATION OF RIGHTS

25  Massachusetts Bay reserves the right to assert other claims as appropriate.

26

COMPLAINT FOR DECLARATORY JUDGMENT                    PAGE 8    **Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

## VII.  JURY DEMAND

Massachusetts Bay requests trial by a jury.

## VIII.  REQUEST FOR RELIEF

Massachusetts Bay respectfully requests:

7.1   That the Court enter a judgment declaring that Massachusetts Bay has no duty to defend Defendants in the Underlying Lawsuit.

7.2   That the Court award Massachusetts Bay all sums it has paid in connection with the defense of the Defendants in the Underlying Lawsuit.

7.3   That the Court award Massachusetts Bay the fees and costs it incurred in bringing this action.

7.4   That the Court grant Massachusetts Bay such further relief as is just and equitable.

DATED:  May 30, 2018

BULLIVANT HOUSER BAILEY PC


By   s/ Margaret M. Van Valkenburg
Margaret M. Van Valkenburg,
WSBA #13900
E-mail:megge.vanvalkenburg@bullivant.com
Matthew J. Sekits, WSBA #26175
E-mail: matthew.sekits@bullivant.com
Brendan Hanrahan, WSBA #42980
E-mail: brendan.hanrahan@bullivant.com

Attorneys for Plaintiff Massachusetts Bay
Insurance Company

4818-1794-3906.1

COMPLAINT FOR DECLARATORY JUDGMENT                    PAGE 9     Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351